UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
JUN 19 2006
RALPH DeLOACH, Clerk
By_____ Deputy

06 3167 RDR

| | |
|---|---|
| LUIS GONZALEZ<br><br>Petitioner,<br><br>v.<br><br>JOHN ASHCROFT, *et al.*,<br><br>Respondents. | Civil Action No. 03-613 (TPJ) |

## MEMORANDUM AND TRANSFER ORDER

In this petition for habeas corpus, petitioner alleges that he has completed service of his sentence and therefore is being held unlawfully. The United States filed a motion to transfer the petition to the United States District Court for the District of Kansas, the district in which Petitioner is incarcerated. Petitioner, who is proceeding *pro se*, was given an opportunity to respond to the motion and was advised that if he failed to file a response, the Court might conclude that the motion was conceded and might grant the motion to transfer. *See Fox v. Strickland*, 837 F.2d 507, 509 (D.C. Cir. 1988).

Rather than responding to the motion to transfer, petitioner filed an appeal to the United States Court of Appeals for the District of Columbia Circuit. *Gonzalez v. Ashcroft, et al.*, U.S. Ct. App. No. 03-5173. On October 28, 2003, the Court of Appeals dismissed this appeal for lack of jurisdiction. The court assumed that petitioner sought to appeal from the order directing him to respond to the motion to transfer, and observed that the order was non-final because it did not dispose of all of petitioner's claims. The order was, therefore, not appealable. As of this date, petitioner has not filed a petition for rehearing or petition for rehearing *en banc*. This Court can, therefore, resolve the motion to transfer.

In order to be effective, a writ of habeas corpus can only be issued by a court having personal jurisdiction over the custodian. *See Braden v. 30th Judicial Circuit*, 410 U.S. 484, 495 (1973). This Court is unlikely to have jurisdiction over the warden of Petitioner's institution in Kansas, who is the proper respondent in this federal habeas case. *See Chatman-Bey v. Thornburgh*, 864 F.2d 804, 811 (D.C. Cir. 1988) (*en banc*); *Guerra v. Meese*, 786 F.2d 414 (D.C. Cir. 1986). The motion to transfer will, therefore, be granted.

Although petitioner has never filed any response directed to the motion to transfer, he has written several letters in which he apparently seeks to challenge certain actions of the prison officials in Kansas that are not related to the duration of his confinement. Those letters will be filed and referred to the transferee court for any appropriate action.

Accordingly, it is by the Court this 16th day of December, 2003,

**ORDERED** that the letters from petitioner dated June 9, 2003, and October 15, 2003, shall be filed. It is

**FURTHER ORDERED** that the United States' Motion to Transfer [Dkt. # 7] is **GRANTED**. It is

**FURTHER ORDERED** that this case be **TRANSFERRED** to the United States District Court for the District of Kansas.

/s/ Thomas Penfield Jackson
THOMAS PENFIELD JACKSON
United States District Judge